THE COUNTY OF ESSEX AND ERNEST A. REED, COUNTY SUPERVISOR, ETC., PROSECUTORS, v. THE CIVIL SERVICE COMMISSION OF NEW JERSEY AND LOUIS F. DEVANEY, DEFENDANTS.

Argued October 6, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *Arthur T. Vanderbilt.*

For the defendants, *Bernard V. McGovern.*

PER CURIAM.

Defendant Louis F. Devaney was a guard at the Essex county penitentiary. Under date of July 6th, 1931, prosecutor Ernest A. Reed, supervisor of the county of Essex, notified Devaney that a hearing would be held by said supervisor on July 16th, 1931, of charges of violation of his duties as such guard. At the hearing testimony was taken on behalf of the defendant and in support of the charges, and on July 27th, 1931, said supervisor announced his finding that said Devaney had taken money from some person to whom a prisoner at the penitentiary had referred him, and ordered his discharge as of June 25th, 1931.

The rule or rules in question prohibit any employe from accepting money or other valuable thing from prisoners or from friends of prisoners or on behalf of a prisoner, and pro-

hibit any employe from performing any errand or delivering any communication, verbal or written, from any prisoner, without the express permission of the warden.

The supervisor found that Devaney sought a friend of a prisoner and delivered some message from a prisoner named McClair to one Francisco, and that Devaney had received $15 from Francisco. An order of discharge was made as aforesaid and thereupon Devaney appealed to the civil service commission. After hearing, the civil service commission, upon recommendation of the commissioner who sat at the hearing that the conduct of the warden in taking part in the arrangement to have McClair induce Devaney to carry a message and to receive money from Francisco merited condemnation, and that the suspension be set aside, ordered that Devaney be reinstated as of the date of the order of discharge. Such order of reinstatement was entered on September 3d, 1931.

The finding and recommendation of the civil service commissioner, as stated in the "conclusion" of his report, is that the method by which the testimony was secured merits condemnation, and that, for that reason, the discharge should be set aside. He apparently finds that the errand was undertaken for a prisoner by Devaney, and expresses doubt as to the conclusiveness of the testimony as to the taking of a bribe.

A public officer cannot complain, and succeed in defending himself against a charge of violation of rules, that a test of his integrity was promoted by one of his superiors, who evidently had some reason to doubt the employe's integrity.

Devaney admitted that he went to see Francisco, at McClair's request, on June 23d, 1931, and that he returned on June 24th, 1931, at which time the warden, or some other responsible person, had detectives and others present to witness the passing of money to Devaney. Devaney admits a violation of the rules in undertaking an errand for McClair, apart from the sufficiency of the evidence as to the passing of money, the greater weight of which, it must be said, supports the charge of such passing of money to Devaney.

Upon the whole case, we are of opinion that the evidence amply sustains the finding of the supervisor that Devaney was guilty of a violation of the rules of the penitentiary, and that the manner of procuring the evidence of such violation does not warrant the disregard of such evidence, and that the order of the civil service commission, dated September 3d, 1931, must be reversed and set aside, and that the order of the county supervisor of Essex county, Ernest A. Reed, should be affirmed, with costs.